UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEON PERCIVAL,

      Plaintiff,

v.                                              Case No. 2:16-cv-83
                                                 HON. ROBERT HOLMES BELL

UNKNOWN GOLLADAY, et al.,

      Defendants.

_____/

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff prisoner Leon Percival filed a "Order to Show Cause and Temporary Restraining Order" (ECF No. 4). On August 31, 2016, the Court issued an opinion dismissing every Defendant except for Defendant Golladay. Plaintiff alleges that Defendants established a policy of not allowing prisoners to use the bathroom facility except at the top of the hour. Plaintiff alleges that this was done as a sanction or punishment for minor and major misconducts. Plaintiff also alleges that when he was not on Toplock confinement he was denied bathroom use during "count" for approximately one hour. Plaintiff was also denied access to drinking water.

Plaintiff alleges that his medical condition of "Rabdo Myolitis" causes his muscles and organs to discharge blood and other fluids into his urine when he does not drink enough water or when he engages in strenuous activity. Lack of proper hydration causes Plaintiff to have dark and reddish urine, fatigue, and joint pain. Plaintiff asserts that as a result of his condition he is more prone to kidney failure.

Plaintiff alleges that Defendant Golladay retaliated against Plaintiff by attempting to transfer Plaintiff to the West side of the Chippewa Correctional Facility so that Plaintiff would be

near a prisoner enemy, S.B.  Plaintiff alleges that he can handle himself against S.B., but that S.B. has the financial means to pay other prisoners to assault Plaintiff.

Plaintiff moves for injunctive relief requesting that the Court order Defendants to cease and desist from enforcing the bathroom restriction policies.  Additionally, Plaintiff requests that the Court issue an order requiring Defendants to cease and desist from housing Plaintiff near a prisoner enemy and near his staff enemies.

The issuance of preliminary injunctive relief is committed to the discretion of the district court.  *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987).  In exercising that discretion, the court must consider and balance four factors:

> 1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2.  Whether the movant has shown irreparable injury.
>
> 3.  Whether the preliminary injunction could harm third parties.
>
> 4.  Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers.  *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under

the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action.  *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).  A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that Defendants have violated his federal rights.  The Court has already dismissed Plaintiffs' claims that involve restrictions on the use of the restroom facilities at the prison.  Therefore, in the opinion of the undersigned, Plaintiff's injunctive relief request relating to restroom use rules must fail.   Plaintiff has not shown a likelihood of success on the merits of his retaliation claim against Defendant Golladay at this time.  Plaintiff has not factually supported his claims that he is in danger of assault from prisoner S.B or Officer Osborn.  Moreover, Plaintiff has not shown that the MDOC has placed him in danger by confining him in any particular cell or unit.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction.  Any interference by the federal courts in the administration of state prison matters is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion (ECF No. 4) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: October 14, 2016                                s/Timothy P. Greeley
                                                       TIMOTHY P. GREELEY
                                                       UNITED STATES MAGISTRATE JUDGE