UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEON PERCIVAL,

    Plaintiff,

v.                                                     Case No.  2:16-cv-83
                                                        HON.  ROBERT HOLMES BELL

UNKNOWN GOLLADAY, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff prisoner Leon Percival filed this lawsuit on April 1, 2016.  The court granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  On August 31, 2016, the Court issued an opinion dismissing every Defendant except for Defendant Golladay.  Defendant Golladay moves for an order to revoke Plaintiff's *in forma pauperis* status.  (ECF No. 15).  Plaintiff alleges that Defendant Golladay retaliated against Plaintiff by attempting to transfer Plaintiff to the West side of the Chippewa Correctional Facility so that Plaintiff would be near a prisoner enemy, S.B.  After Plaintiff refused the transfer, he was found guilty of a Class II infraction.

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place

economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

In *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), the Sixth Circuit set forth the following general requirements for a claim of imminent danger: In order to

allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Id.* at 585. A prisoner's claim of imminent danger is subject to the same notice pleading requirement that applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff has had at least three prior civil suits dismissed on the ground of frivolousness or failure to state a claim upon which relief may be granted. *Percival v. Curtis,* 1:00-cv-849 (W.D. Mich., Jan. 12, 2001); *Percival v. Palmer,* 1:99-cv-125 (W.D. Mich., March 31,

1999); *Percival v. Gilkie,* 1:98-cv-734 (W.D. Mich., Dec. 21, 1998); and *Percival v. Williams,* 4:94-cv-40051 (E.D. Mich., March 21, 1994). Plaintiff has been denied leave to proceed *in forma pauperis* due to the fact that he has three strikes in *Percival v. Williams,* 1:01-cv-145 (W.D. Mich., April 16, 2001); *Percival v. MDOC,* 1:02-cv- 363 (W.D. Mich., Jan. 12, 2006); *Percival v. Heyns,* 1:14-cv-1260 (W.D. Mich. Feb. 6, 2015); and *Percival v. Gerth*, 2:10-cv-109 (W.D. Mich., Nov. 17, 2010).

In this case, Defendants argue that Plaintiff failed to allege that he was in imminent danger of serious physical injury at the time the complaint was filed. In the opinion of the undersigned, Plaintiff has failed to allege facts which could show that he was under imminent danger of serious physical injury at the time he filed his complaint.

Therefore, it is recommended that the Court grant Defendant Golladay's motion to revoke Plaintiff's *in forma pauperis* status (ECF No. 15). It is further recommended that the Court order that Plaintiff has twenty-eight (28) days to pay the entire civil action filing fee, which is $400.00. If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      December 21, 2016              */s/ Timothy P. Greeley*
                                           TIMOTHY P. GREELEY
                                           UNITED STATES MAGISTRATE JUDGE